IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | No.1:18-CR-00005-MAC |
| vs. | |
| JULIO CARPIO (15) | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Defendant, Julio Carpio, filed a Motion to Suppress Evidence on September 16, 2019. (Doc. No. 451.) The motion was referred to the undersigned by U.S. District Judge Marcia Crone for consideration and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(b); E.D. TEX. CRIM. R. 59(d). (Doc. No. 454.) The Government responded to Carpio's motion on September 30, 2019, alleging that the motion should be stricken for failure to set forth detailed allegations that warrant court investigation or resolution. (Doc. No. 455.) The undersigned recognized that the Defendant's motion was vague and conclusory, and ordered the Defendant to provide additional briefing to the court in support of its motion on or before October 11, 2019. (Doc. No. 459.) To date, the Defendant has not complied with the court order to supplement his motion with detailed allegations that warrant court investigation or resolution.

To qualify for judicial consideration, motions to suppress must set forth allegations that are sufficiently detailed, specific, and non-conjectural to make plain to the court that investigation is warranted. *United States v. Poe*, 462 F.2d 195, 197 (5th Cir. 1972). When a defendant's motion is so devoid of substance as to be rendered legally insufficient, it may properly be stricken. *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983). The

Defendant's motion does not set forth any grounds for the court to conduct a meaningful review. Accordingly, the undersigned recommends that the court strike the Defendant's Motion to Suppress Evidence (Doc. No. 451) as inadequately briefed.

### IV. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within **three (3) days** after being served with a copy of this report, and (4) no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 15th day of October, 2019.

_____
Zack Hawthorn
United States Magistrate Judge