

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v. § | **CASE NO. 1:18CR5 (15)** |
| § | |
| **JULIO CARPIO a/k/a Chavez** § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter was referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003). On October 18, 2019, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, **Julio Carpio a/k/a Chavez**, on **Counts One** and **Two** of the charging **Second Superseding Indictment** filed in this cause.

Count One of the Second Superseding Indictment charges that from on or about October 2016, the exact date being unknown to the Grand Jury, and continuing thereafter until January

2018, the exact date being unknown to the Grand Jury, in the Eastern District of Texas and elsewhere, Julio Carpio a/k/a Chavez, and co-defendants, knowingly and intentionally conspired and agreed with each other, and with persons known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute at least 5 kilograms of cocaine HCL, a Schedule II controlled substance, all in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

Count Two of the Second Superseding Indictment charges that from on or about May 2017, the exact date being unknown to the Grand Jury, and continuing thereafter until December 2018, the exact date being unknown to the Grand Jury, in the Eastern District of Texas and elsewhere, Julio Carpio a/k/a Chavez, and co-defendants, did knowingly willfully and unlawfully conspire and agree with persons known and unknown to the Grand Jury to commit offenses against the United States in violation of 18 U.S.C. § 1956(a)(1)(B)(I), that is, to knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce, which involved proceeds of a specified unlawful activity, that is the distribution of a distributable amount of cocaine HCL, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1); knowing that the transaction was designed, in whole or in part to conceal and disguise the nature, location, source, ownership an control of the proceeds of said specified unlawful activity, and while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some unlawful activity, all in violation of 18 U.S.C. §§§ 1956(h), (a)(1)(B)(i),(I), and (2).

Defendant, Julio Carpio a/k/a Chavez, entered a plea of guilty to Counts One and Two of the Second Superseding Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a.  That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b.  That Defendant and the Government have entered into a plea agreement and a plea agreement addendum which were addressed in open court and entered into the record.

c.  That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea.  Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises.  *See* FED. R. CRIM. P. 11(b)(2).

d.   That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crimes charged under 21 U.S.C. § 846 and 18 U.S.C. § 1956(h).

**STATEMENT OF REASONS**

As factual support for Defendant's guilty plea, the Government presented a factual basis. *See Factual Basis and Stipulation.*  In support, the Government and Defendant stipulated that if this case were to proceed to trial the Government would prove beyond a reasonable doubt, through the sworn testimony of witnesses, including expert witnesses, as well as through

admissible exhibits, each and every essential element of the crime charged in Counts One and Two of the Second Superseding Indictment. The Government would also prove that the defendant is one and the same person charged in the Second Superseding Indictment and that the events described in Second Superseding Indictment occurred in the Eastern District of Texas and elsewhere. The Court incorporates the proffer of evidence described in detail in the factual basis and stipulation in support of the guilty plea.

Defendant, Julio Carpio a/k/a Chavez, agreed with and stipulated to the evidence presented in the factual basis. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the guilty plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Counts One** and **Two** of the charging **Second Superseding Indictment** on file in this criminal proceeding. The Court also recommends that the District Court accept the plea agreement and plea agreement addendum pursuant to the Local Rules for the United States District Court for the Eastern District of Texas and Federal Rule of Criminal Procedure 11(c). Accordingly, it is further recommended that, Defendant, Julio Carpio a/k/a Chavez, be finally adjudged as guilty of the charged offense under **Title 21, United States Code, Section 846** and **Title 18, United States Code, Section 1956(h).**

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject the plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement and addendum, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement and addendum until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw the guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement or addendum. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto.*

*Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 7th day of November, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE